**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4707**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAROLD EDWARD SPENCER, III,

Defendant - Appellant.

**No. 23-4708**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JON DEMETRIOUS JACQUES MORGAN, a/k/a Jon Demetrious Jacq Morgan,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:22-cr-00106-AWA-RJK-2; 2:22-cr-00106-AWA-RJK-5)

Submitted:  October 10, 2025                          Decided:  November 26, 2025

Before AGEE, WYNN, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Suzanne V. Suher Katchmar, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant Harold Edward Spencer, III. Dana R. Cormier, DANA R. CORMIER, P.L.C., Staunton, Virginia, for Appellant Jon Demetrious Jacque Morgan. Jessica D. Aber, United States Attorney, Vetan Kapoor, Assistant United States Attorney, Joseph E. DePadilla, Assistant United States Attorney, John F. Butler, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Edward Spencer, III, and Jon Demetrious Jacques Morgan appeal their convictions and sentences after the jury found them guilty of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a); and as to Spencer, six counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a); three counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii); and one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii).  On appeal, they contend that the evidence was insufficient to support their convictions, and the district court erred in applying a sentencing enhancement for firearm possession in connection with attempted Hobbs Act robbery.  We affirm.

"Convicted defendants who challenge the sufficiency of the evidence against them face 'a heavy burden.'" *United States v. Gallagher*, 90 F.4th 182, 190 (4th Cir. 2024).  "A jury verdict '*must be sustained* if there is substantial evidence, taking the view most favorable to the Government, to support it.'" *United States v. Luong*, 125 F.4th 147, 153 (4th Cir. 2025).  "In a criminal case, substantial evidence is 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *Id*.  "When applying this standard of review, '[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe.'" *Id*.

3

"To prove a conspiracy, the government must show that the defendant entered an agreement to commit a crime." *United States v. Wiley*, 93 F.4th 619, 633 (4th Cir. 2024). "The agreement does not need to be explicit, and it can be proven entirely through circumstantial evidence." *United States v. Moody*, 2 F.4th 180, 194 (4th Cir. 2021). "Given the 'clandestine and covert' nature of conspiracies, the government must often rely exclusively on circumstantial evidence." *Wiley*, 93 F.4th at 633. "Thus, a 'tacit or mutual understanding' among coconspirators is sufficient evidence of an agreement." *Id.* "And a defendant's presence at the scene of a crime as well as his acquaintance with coconspirators is 'material and probative' in determining his participation in a conspiracy." *Id.*

"Once the government has proven a conspiracy exists, 'the evidence need only establish a slight connection between the defendant and the conspiracy to support conviction.'" *United States v. Ath*, 951 F.3d 179, 186 (4th Cir. 2020). For an attempted Hobbs Act robbery conviction, "the government must prove two things: (1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *United States v. Taylor*, 596 U.S. 845, 851 (2022). "A substantial step 'need not be the last possible act' toward the crime's commission but must be more than '[m]ere preparation for the commission of a crime.'" *United States v. Haas*, 986 F.3d 467, 478 (4th Cir. 2021). While the line between attempt and preparation is fact-intensive, a substantial step "is strongly corroborative of culpable intent." *Id.* "To determine whether conduct is preparation or an attempt, a court must assess how probable it would have been that the crime would have

4

been committed—at least as perceived by the defendant—had intervening circumstances not occurred." *United States v. Pratt*, 351 F.3d 131, 136 (4th Cir. 2003).

Appellants first contend that the evidence was insufficient to establish Spencer's participation in the six completed convenience store robberies and related firearm charges. They primarily point to alleged deficiencies in the evidence, e.g., there were no eyewitness identifications of the robbers, since they wore masks and gloves. As we have explained, "our focus must remain fixed on the sufficiency of the evidence that *is* in the record rather than on what other evidence there *could be*." *United States v. Seigler*, 990 F.3d 331, 338 (4th Cir. 2021). With this focus, we have reviewed the record and appeal arguments, and we conclude the evidence was sufficient to support Spencer's guilt beyond a reasonable doubt. He was apprehended after driving the getaway car from the scene of an attempted robbery in a high-speed chase with police; a ski mask with his DNA was recovered from the getaway car; he was wearing the same distinctive shoes worn by the man brandishing and discharging a gun in robbery surveillance videos; his shoes also matched a shoeprint impression lifted from the floor in one of the robberies; he redeemed lottery tickets taken from one of the stores; and photos on his cellphone also implicated him in the robberies.

Appellants next contend the evidence was insufficient to establish they were part of a conspiracy to commit robbery. We have reviewed the record and conclude the evidence was sufficient to establish Appellants' knowing and voluntary participation in a conspiracy to commit Hobbs Act robberies. Appellants and their co-defendants were arrested together after fleeing the scene of an attempted robbery, when they were seen by police investigating their robberies, and throwing firearms out of the getaway car. The robbers targeted small

5

businesses with gambling machines and had a consistent modus operandi. They always wore gloves, masks, hoodies, and other clothing to cover and disguise their identities; they would park in the back of the business and approach the store from the back in a stack; and they would brandish a gun or guns once inside the store. There was additional evidence of their coordination; and we conclude the evidence showed a tacit or mutual understanding among the co-conspirators and Appellants' knowing and voluntary participation.

Appellants next contend that the evidence was insufficient to establish that they attempted to commit Hobbs Act robbery. We have reviewed the record and conclude that the evidence was sufficient to show both Appellants' intent to rob the Tiger Mart by actual or threatened force and a substantial step toward that end. Appellants contend that, at most, the evidence showed they were preparing to rob the Tiger Mart, but they did not perform a substantial act making the robbery probable. We disagree. The evidence showed the crew took all the steps they normally took just before robbing the store; and it is probable that they would have completed the crime if they had not been spotted by police and fled.

Finally, Appellants contend their sentences are procedurally unreasonable, because the district court erred in applying a five-level Sentencing Guidelines enhancement under USSG § 2B3.1(b)(2)(C) in connection with their attempted robbery convictions. "We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Smith*, 134 F.4th 248, 256 (4th Cir. 2025). "Applying that standard, we must 'ensure that the district court committed no significant procedural error,' such as improperly calculating the Guidelines range or 'selecting a sentence based on clearly erroneous facts.'" *United States*

6

*v. Henderson*, 136 F.4th 527, 534 (4th Cir. 2025).  We review the district court's factual findings in Guidelines calculations for clear error and its legal conclusions de novo.  *United States v. Gross*, 90 F.4th 715, 720 (4th Cir. 2024).  But, where a defendant did not object in the district court, we review only for plain error.  *United States v. Dominguez*, 128 F.4th 226, 230-31 (4th Cir. 2025).  And, even when a defendant objected, an allegedly erroneous application of the Guidelines does not require reversal if we determine that the asserted error was harmless.  *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019).

We have reviewed the record and conclude that the district court did not err in applying the five-level increase under § 2B3.1(b)(2)(C), which applies when a firearm was brandished or possessed.  In the case of jointly undertaken criminal activity, the district court could consider all acts and omissions of others that were within the scope of the jointly undertaken criminal activity, in furtherance of the criminal activity, and "reasonably foreseeable in connection with that criminal activity."  USSG § 1B1.3(a)(1)(B).

Here, the five-level enhancement was applied to Appellants' Guidelines calculation for attempted robbery, because firearms were possessed in connection with that offense.  Spencer did not object to the enhancement; and while Morgan objected, the district court overruled the objection after finding by a preponderance of the evidence that possession of firearms by co-conspirators was reasonably foreseeable to Appellants in connection with the attempted robbery offense.  We find no error in this ruling, plain or otherwise.[*]

---

[*] To the extent that Appellants contend the enhancement was improperly based on acquitted conduct, we find the argument without merit.  *See Henderson*, 136 F.4th at 535 n.2.

7

Accordingly, we affirm the district court's judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*